J-S44028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT LEE HESLEY | |
| Appellant | No. 116 WDA 2014 |

Appeal from the Judgment of Sentence February 26, 2010
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000451-2008

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 22, 2014**

Albert Lee Hesley appeals from the judgment of sentence[1] entered on February 26, 2010, in the Court of Common Pleas of Bedford County, made final by the denial of his post-sentence motion on April 10, 2010.  We affirm.

The underlying facts of this case are not in dispute.  On October 28, 2009, Hesley pled *nolo contendere* to one count of rape of a child, following disclosure of the fact he had been sexually abusing his paramour's prepubescent son for nearly two years.  At a hearing on February 19, 2010, Herbert E. Hays, a member of the Pennsylvania Sexual Offenders Assessment Board testified that Hesley was a sexually violent predator

_____

[1] The caption has been amended to reflect that the appeal is from the judgment of sentence entered on February 26, 2010, by virtue of the trial court's November 1, 2013 order reinstating Hesley's appeal rights *nunc pro tunc*.

("SVP"). On February 26, 2010, the court sentenced Hesley to 8 to 16 years' imprisonment.

Following the imposition of sentence, Hesley filed a motion for reconsideration asking the court to reverse the SVP designation. The court denied the motion on April 14, 2010. Hesley did not file a direct appeal.

On September 4, 2010, Hesley filed a *pro se* PCRA petition challenging, among other things, his SVP status. Hesley filed an amended PCRA petition with the assistance of court appointed counsel on March 8, 2011. On July 2011, Hesley's attorney filed a second amended PCRA petition. The court ultimately denied Hesley's PCRA petition on November 5, 2012. On June 12, 2013, this Court vacated the order denying PCRA relief and remanded with instructions to grant Hesley's motion to reinstate his right to appeal his judgment of sentence *nunc pro tunc.* **Commonwealth v. Hesley**, No. 1919 WDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed June 12, 2013).

Hesley filed his notice of appeal *nunc pro tunc* on December 13, 2013. On appeal, Hesley challenges the sufficiency of the evidence supporting the trial court's determination that he is an SVP.

"Questions of evidentiary sufficiency present questions of law; thus, 'our standard of review is *de novo* and our scope of review is plenary.'" **Commonwealth v. Bishop**, 936 A.2d 1136, 1141 (Pa. Super. 2007) (citations omitted). In reviewing such a claim, we consider the evidence in

the light most favorable to the Commonwealth, which prevailed upon the issue at trial. *Id.*

An SVP is defined as:

A person who has been convicted of a sexually violent offense set forth in Section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition . . . that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Predatory conduct is defined as an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element."

At the SVP hearing, the Commonwealth has the burden of proving by clear and convincing evidence that the person meets the criteria to be designated as an SVP. This burden of proof has been described as an intermediate test, falling below the highest level of proof, beyond a reasonable doubt, but above the preponderance of the evidence standard. Evidence will meet this level of proof if it is so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue.

*Commonwealth v. Stephens*, 74 A.3d 1034, 1038-39 (Pa. Super. 2013)

(citations and quotations omitted).

- 3 -

Hesley's SVP hearing occured on February 19, 2010, before the Honorable Daniel L. Hosware. The court accepted the Commonwealth's witness, Hays, as an expert in the field of assessment, treatment, and management of sexual offenders. In preparation of his report, Hays reviewed the following information: affidavit of probable cause; police reports, including statements given by Hesley; interview of the victim; information from the Mifflin County case,[2] including a custodial statement made by Hesley; and an interview of Hesley conducted by Hays. Based on his review of the matter, Hays determined that:

1. There was only one victim in the case, a child who would have been between the ages of nine and 10 at the time of his victimization. [Hesley] was between the ages of 38 and 39;

2. [Hesley] did not exceed the means necessary to accomplish the offense;

3. [Hesley] met the child through his involvement with the child's mother;

4. [Hesley] engaged the child in oral and anal intercourse, masturbation, and fondling;

5. [Hesley] has no prior record, the offenses did not involve sadistic behavior or unusual cruelty;

6. The child had no mental infirmities;

_____

[2] Hesley lived in Mifflin County from March 31, 2007 to August, 2008 with the victim and the victim's mother. The sexual abuse was ongoing during this time. Accordingly, charges were brought against Hesley in Mifflin County for child sexual assault. Hesley also pled *nolo contendere* to one count of rape of a child in that case.

7. There was no evidence of drug use by [Hesley] or that he suffered from mental disabilities;

8. In his interview with Hays, [Hesley] would at times admit he had offended the child, and at times denied it;

9. [Hesley] had to have initiated the conduct with the child, trained and groomed the child in these behaviors as in [Hays'] opinion, a child of this age would have no inclination naturally to perform these acts;

10. The offenses occurred over a two year time period;

11. As during this time, [Hesley] maintained his relationship with the victim's mother, [Hesley] had to engage in planning to prevent discovery by the child's mother;

12. Hays found [Hesley] suffered from a mental abnormality, pedophilia;

13. Based on this conduct in grooming and training the child and his efforts to avoid discovery, [Hays] stated that as [Hesley] initiated, continued, and maintained the exploitation [Hesley] was a predator.

Trial Court Opinion, 11/5/12, at 2-4.

Hesley's challenge to the sufficiency of the evidence supporting his SVP designation is twofold. First, Hesley claims that Hays failed to address his likelihood to reoffend. We reiterate that the risk of reoffending is but one factor the court should consider when making an assessment; it is not an "independent element." *Commonwealth v. Morgan*, 16 A.3d 1165, 1170-72 (Pa. Super. 2011) (citations omitted). Additionally, Hays clearly states in his report that Hesley "meets the DSM-IV-TR[3] criteria for Pedophilia, a

_____

[3] The Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision, published by the American Psychiatric Association, is a manual used to make psychiatric diagnoses.

mental abnormality that makes him likely to reoffend. Pedophilia has no known cure." SVP Assessment Report, 1/14/10, at 6. Accordingly, Hesley's claim is meritless.

Hesley also argues that the trial court erred in concluding his behavior was predatory. We note that section 9792 defines predatory behavior as "an act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9792. Hesley argues that he initiated his relationship with the victim as "part and parcel" of his relationship with the victim's mother, not for the purpose of victimization and he is therefore not a predator. Hesley's argument is misguided. The moment Hesley engaged in sexual conduct with the child, he abrogated his custodial role. For nearly two years, Hesley promoted and maintained a sexual relationship with the victim; one he would have had to work at to maintain, considering its secretive nature. While Hesley may not have initiated his relationship with the victim to facilitate or support victimization, he certainly promoted and maintained it for that reason.

When viewed in the light most favorable to the Commonwealth, the facts of Hesley's crimes, combined with Hays' diagnosis of Pedophilia, provide clear and convincing evidence that Hesley suffers from a mental abnormality that makes him likely to engage in predatory, sexually violent offenses. **Stephens**, **supra**. Therefore, the evidence was sufficient for the

trial court to designate Hesley an SVP. Accordingly, Hesley's claim has no merit and we cannot offer him relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014